Tabatha M. Schneider, OSB No.  221704
Schneider@RosenandSchneider.com
ROSEN & SCHNEIDER, LLC
1300 SW 5th Avenue, Suite 2850
Portland, OR 97201
Telephone:  (503) 525-2525

Attorneys for Defendant American Airlines, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AMBER CRAVEN,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC., a corporation, and SKYWEST AIRLINES, INC. d/b/a AMERICAN EAGLE,<br><br>Defendants. | Case No.  3:25-cv-02301-MO<br><br>**DEFENDANT AMERICAN AIRLINES, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Oral Argument Is Requested |

## LR 7-1 CERTIFICATION

Counsel for Defendant American Airlines, Inc. ("American") certifies that, pursuant to Local Rule 7-1(a), counsel for the Parties conferred via telephone on February 26, 2026, relating to the relief requested in this Motion, and the parties were not able to resolve the dispute.

## AMERICAN AIRLINES, INC.'S MOTION TO DISMISS

American moves this Court for an order dismissing American from this action pursuant to Rules 12(b)(2) and 12(b)(3).  Or in the alternative, American asks that this action be transferred to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a).  The Motion is supported by the

record in this case, the legal authorities cited herein, and the declaration of Tabatha Schneider ("Schneider Decl.")[1].

## INTRODUCTION

Plaintiff's Amended Complaint makes clear that there is no jurisdiction over American in Oregon, and that the District Court of Oregon is not the proper venue for this case. Plaintiff alleges that all of the events giving rise to her claims occurred outside of Oregon. She properly acknowledges that American's principal place of business is in Dallas, Texas, not Oregon, and that American is not incorporated in Oregon. Likewise, she acknowledges that the other defendant in this action, SkyWest, is also not incorporated in Oregon, nor has its principal place of business in Oregon. The only Oregon connections in this case are that (1) Plaintiff resides here, (2) her multi-day itinerary began and ended in Portland[2], and (3) both American and SkyWest conduct business at the Portland International Airport. Am. Compl. ¶¶ 3-4, 8. These facts fail to establish jurisdiction over American, an out-of-state defendant, nor do they satisfy the relevant federal venue statute. Forcing American to defend in Oregon under these facts would fail to comport with federal due process.

Therefore, American moves to dismiss it from this action under Rules 12(b)(2) and 12(b)(3), or alternatively to transfer this action to the Northern District of Texas.

## FACTUAL BACKGROUND

Plaintiff Amber Craven ("Craven") is a citizen and resident of Oregon. Am. Compl. ¶ 1. Defendant SkyWest is incorporated in Utah and has its principal place of business in Utah. *Id.* at 4. American is incorporated in Delaware and maintains its principal place of business in Dallas, Texas. *Id.* at ¶ 3.

---

[1] Courts may consider evidence submitted by affidavit or declaration in resolving challenges to personal jurisdiction. *See Myers v. Bennett Law Offices, 238 F.3d 1068, 1071-72* (9th Cir. 2001); *see also DRW-LLC v. Golden Harvest Holdings, Inc.*, 937 F. Supp. 2d 1307, 1312 (D. Or. 2013).

[2] Notably, Plaintiff's flight included a ticket for United Airlines out of Portland; her return ticket was only a one-way back to Portland on SkyWest. Am. Compl. ¶ 8.

Page 2 of 13 – DEFENDANT AMERICAN AIRLINES,
INC.'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED
COMPLAINT

Rosen & Schneider, LLC.
1300 SW 5th Avenue, Suite 2850
Portland, OR 97201
Phone: (503) 525-2525

This action arises from an alleged sexual assault in Missouri, at the hands of assailant Justin Knotts ("Knotts"), during air travel on a flight operated by Defendant SkyWest Airlines, Inc. *Id.* at ¶¶ 5, 8, 10, 15-17. Craven alleges that she was returning home to Oregon from Missouri and was traveling on a flight itinerary that included a connection through Dallas, Texas. *Id.* at ¶ 8. She further alleges that Knotts, a fellow passenger, became intoxicated at a Missouri airport bar, and while the aircraft was lining up and accelerating down the runway during takeoff, still on the ground in Missouri, en route to Dallas, Knotts sexually assaulted her. *Id.* at ¶¶ 10-12, 15-18. The Dallas police met the aircraft upon landing in Dallas to question Knotts and take Craven's statement. *Id.* at ¶¶ 19-21. Craven alleges that she missed her connecting flight and stayed overnight in Dallas before returning to Portland. *Id.* at ¶ 23.

## LEGAL STANDARD

Federal courts look to state law in determining jurisdiction over a defendant. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)). ORCP 4L authorizes personal jurisdiction over defendants to the full extent permitted by the U.S. Constitution. Exercising jurisdiction is only permitted if it would "comport[] with the limits imposed by federal due process." *Daimler,* 571 U.S. at 124. Federal due process is met if the court exercises general jurisdiction, which includes jurisdiction that is either (1) in the place in which the entity is incorporated (*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923-24 (2011)), (2) the place in which the entity maintains its principal place of business (*id.*), or (3) the place in which the entity's affiliations with the jurisdiction are so continuous and systematic as to render the entity essentially at home in that jurisdiction (*id.* at 919); or if the court exercises specific jurisdiction, which includes jurisdiction in the place where the entities activities are not only continuous and systematic, but those activities give rise to the lawsuit (*Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 317 (1945)).

Venue is proper only in a judicial district that bears a sufficient relationship to the defendant or to the events giving rise to the claims. *See* 28 U.S.C. § 1391(b); *see also LeRoy v. Great W.*

*United Corp.*, 443 U.S. 173, 183-84 (1979).  Venue statutes are intended to protect defendants from being forced to litigate in an unfair or remote forum and are not designed to provide plaintiffs with an unfettered choice of venue based on convenience alone.  *Id.*

It is the plaintiff's burden to establish that the court may properly exercise personal jurisdiction over a defendant and that venue is proper in the chosen forum.  *See Myers v. Bennett Law Offices*, 238 F.3d 1068, 1071-72 (9th Cir. 2001).  FRCP 12(b)(2) and 12(b)(3) require dismissal of an action for lack of personal jurisdiction and improper venue.  *See* Fed. R. Civ. P. 12(b)(2), (3).  In the interest of justice, a case filed in the improper venue may alternatively be transferred to a district in which it could have been brought.  28 U.S.C. § 1406(a).  Even if venue is technically proper, the court retains discretion to transfer an action following a practical, case-specific evaluation of convenience, fairness, and judicial efficiency.  *See* 28 U.S.C. § 1404(a); *see also Atlantic Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 62-63 (2013).

## ARGUMENT

## I. THE COURT LACKS PERSONAL JURISDICTION OVER AMERICAN.

Craven bears the burden of establishing that this Court may exercise personal jurisdiction, either general or specific, over American.  *Meyers*, 238 F.3d at 1071-72.  As set forth below, Craven cannot meet her burden because American is incorporated in Delaware, with its principal place of business in Dallas, Texas, and lacks sufficient contacts with Oregon to warrant general jurisdiction.  *See* Am. Compl. ¶ 3.  Furthermore, American's contacts with Oregon fail to give rise to the allegations in Craven's Complaint, so specific jurisdiction is also lacking.  Without jurisdiction, the Court must dismiss American from this action.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.").

### A.  American is not subject to general jurisdiction in Oregon.

"Because the assertion of judicial authority over a defendant is much broader in the case of general jurisdiction than specific jurisdiction, a plaintiff invoking general jurisdiction must meet an 'exacting standard' for the minimum contacts required."  *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069

(9th Cir. 2015) (*quoting CollegeSource, Inc. v. AcademyOne, Inc.,* 653 F.3d 1066, 1074 (9th Cir. 2011)).  Given the lack of dispute that American's place of incorporation and principal place of business are not in Oregon (*see* Am. Compl. ¶ 3), the legal question is whether American's contacts with Oregon are "so continuous and systematic as to render [it] essentially at home in [Oregon]." *Goodyear,* 564 U.S. at 919.

In an attempt to meet her general jurisdiction burden, Craven relies on her allegations that American "did substantial and regular commercial aviation business in Multnomah County, Oregon," including operating "daily commercial flights in and out of Portland International Airport (PDX)," "leasing substantial gate space at PDX," being "registered to conduct business in Oregon," and generally "maintaining a longstanding and substantial permanent physical presence with employees at PDX".  Am. Compl. ¶ 3.  But these allegations on their own are not pervasive enough to rise to the level necessary so "that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co.,* 326 U.S. at 316 (internal citations omitted).

In *Daimler*, the Court rejected plaintiffs' argument that a corporation will be at home "in every State in which a corporation engages in a substantial, continuous, and systematic course of business"—an argument that the Court described as "unacceptably grasping."  *Daimler,* 571 U.S. at 761 (internal quotation marks omitted).  In *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984), general personal jurisdiction was found to be lacking over a Colombian corporation whose contacts with the forum state included executive travel to and from the forum state, accepting bank account checks drawn on a forum state bank, purchasing helicopters, equipment and training services from a corporation in the forum state, and sending employees to the forum state for training. *See id*. at 416–18.  Similarly, in *Goodyear*, general personal jurisdiction was found to be lacking over foreign subsidiaries of an American tire manufacturer, even though some of the tires manufactured by those subsidiaries were distributed in the forum state.  *See* 564 U.S. at 924-30.  The *Daimler* Court noted that "[a] corporation that operates in many places can scarcely be deemed at home in all of them.  Otherwise, 'at home' would be synonymous with 'doing business' tests framed

before specific jurisdiction evolved in the United States." *Id*. at 762 n. 20. Instead, *Diamler* requires an inquiry of the corporation's "activities in their entirety, nationwide and worldwide. . . not just the extent of its contacts in the forum state." *Id.*

Here, American cannot be deemed "at home" in Oregon. It is an international airline that reportedly operates an average of 6,000 flights per day. *See* Schneider Decl., ¶¶ 2-3. The percentage of those flights in Oregon is minuscule, with the PDX airport's website identifying only 22 total inbound and outbound American flights today, and only 20 flights scheduled for tomorrow, March 21, 2026. *Id.* at 4.[3] So while Craven wants to attempt to describe American's contacts with Oregon as "substantial", "longstanding" and "permanent", upon review of American's corporate activities in their entirety, it is clear that its contacts with Oregon fall well below the standard of "so continuous and systematic as to render [it] essentially at home in [Oregon], i.e., comparable to a domestic enterprise in that State." *Daimler,* 571 U.S. at 133 n. 11 (citations, internal quotation marks, and alterations omitted).

Tantamount to the case at bar, in *Barrett v. Union Pac. R.R. Co*., 361 Or 115, 390 P3d 1031 (2017), the Oregon Supreme Court analyzed whether there was general jurisdiction over a railroad company in Oregon. There, the defendant was an interstate railroad incorporated in Delaware with its principal place of business in Omaha, Nebraska. *Id.* at 117. It operated railroads in 23 states, including Oregon, "engaged in business in Oregon on an ongoing basis for a substantial period of time", owned "approximately 32,000 miles of track in 23 states, with approximately 3.4 percent of those tracks in Oregon", and Oregon was 13th for states with the most amount of track owned by defendant, 9th in terms of its employees, and 14th for revenues generated. *Id.* at 118. Despite these substantial contacts with Oregon, the *Barrett* Court concluded that:

> Oregon may not exercise general jurisdiction over Union Pacific. There is no dispute that Union Pacific has engaged in a "substantial, continuous, and systematic course of business" in Oregon. However, Union Pacific's activities in Oregon,

---

[3] American intends to supplement the record with a corporate declaration further attesting to the information asserted herein.

Page 6 of 13 – DEFENDANT AMERICAN AIRLINES,
INC.'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED
COMPLAINT

Rosen & Schneider, LLC.
1300 SW 5th Avenue, Suite 2850
Portland, OR 97201
Phone: (503) 525-2525

while substantial, are only a small part of its larger business activities in 23 states. To paraphrase the Court's reasoning in *Daimler*, if Oregon can exercise general jurisdiction over Union Pacific because that company's activities in this state are substantial and continuous, then every state in which Union Pacific has engaged in similar activities can assert general jurisdiction over it, and the Court was clear that a rule of decision that results in multiple jurisdictions simultaneously asserting general jurisdiction over an out-of-state defendant is at odds with the Due Process Clause.

*Id.* at 123-24.

As is the case here, if American's activities in Oregon are deemed to be substantial and continuous, then every state and country where American flies, all 110 of them, will be able to assert jurisdiction over it, which is at odds with the Due Process Clause.  Given this, Oregon lacks general jurisdiction over American.  *Daimler,* 571 U.S. at 137.

**B.  The court lacks specific jurisdiction because Craven's claims do not arise out of or relate to American's Oregon-based conduct.**

Specific jurisdiction requires a nexus between the defendant's forum-related conduct and the plaintiff's claims.  *Ford Motor Co. v. Montana Eighth Judicial Dist. Ct*., 592 U.S. 351, 359-60 (2021).  The claims must "arise out of or relate to" the defendant's contacts with the forum state.  *Id*. at 360-61.  Although the Supreme Court has explained that "relate to" extends beyond strict causation, the relationship between the forum contacts and the litigation must still be close enough to satisfy due process.  *Id*. at 362-63.  In other words, specific jurisdiction is "case-linked" and confined to disputes deriving from the defendant's forum contacts.  *Goodyear*, 564 U.S. at 919.

In *Ford*, the plaintiffs' injuries that gave rise to the litigation occurred in the forum states while using vehicle models that the defendant had extensively marketed, sold, and serviced in those same states.  *Ford*, 592 U.S. at 365-66.  In reaching its conclusion, the Court explained that specific jurisdiction is not limited to cases in which the defendant's forum contacts directly caused the plaintiff's injury; rather, it can be enough that the claims sufficiently "relate to" the defendant's forum conduct.  *Id*. at 362-63.

Here, that standard cannot be met because, unlike in *Ford* where the plaintiff's injuries

occurred in the forum, Craven does not allege that any negligent act or injury occurred in Oregon. As such, her claims lack the necessary case-linked connection to American's Oregon contacts. Instead, Craven alleges that a passenger became intoxicated at a Missouri airport bar, that the airline personnel in Missouri allowed him to board the plane while intoxicated, and that the alleged assault occurred as the aircraft was accelerating down the runway on the ground in Missouri, en route to Dallas, Texas.  Am. Compl. ¶¶ 10-18.  Craven further alleges that the incident was reported to authorities in Dallas, where police met the aircraft, took statements, apprehended the assailant, and issued a warrant for the arrest of the assailant.  Am. Compl. ¶¶ 19-21, 25.

Accordingly, no injuries were sustained by Craven in Oregon, and no alleged tortious conduct by American occurred in Oregon.  The only connections to Oregon are that Craven's itinerary began and ended in Portland, indeed on different airlines, where it appears that nothing out of the ordinary occurred.  Am. Compl. ¶ 8.  Under *Ford*, that type of incidental forum contact is not enough.  *Ford*, 592 U.S. at 362-63.  Those facts are insufficient as a matter of law to establish specific jurisdiction.  *Myers*, 238 F.3d at 1075-76 (finding that jurisdiction cannot be based on contacts that are merely incidental or tangential to the claims at issue).  The Supreme Court's decision in *Walden v. Fiore*, 571 U.S. 277 (2014) confirms this result.  There, the Court held that it is the defendant's "relevant conduct" that must create the necessary contacts, and that "the mere fact that his conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Id.* at 291.

This District recently applied the principle articulated in *Walden* to facts that are starkly similar to this case in *PettyJohnBlue v. Delta Air Lines*, 3:25-CV-01020-YY, 2025 WL 2912932 (D. Or. Oct 14, 2025).  In *PettyJohnBlue,* the plaintiff, an Oregon resident, brought an action against Delta Airlines in Oregon for Delta's conduct that was alleged to have occurred in Washington.  The court denied that general jurisdiction existed over Delta given that it is a Delaware corporation with a principal place of business in Georgia, and while Delta allegedly operated flights and related services at PDX, Oregon, the court concluded that those contacts were "insufficient to establish the

Page 8 of 13 – DEFENDANT AMERICAN AIRLINES,
INC.'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED
COMPLAINT

Rosen & Schneider, LLC.
1300 SW 5th Avenue, Suite 2850
Portland, OR 97201
Phone: (503) 525-2525

'continuous and systematic' types of contacts with Oregon that would 'render [defendant] as essentially at home' in this state such that general jurisdiction would exist here." *Id.* at *3 (*quoting Collins v. PeaceHealth*, No. 3:22-cv-01946-AN, 2023 WL 8476721) (brackets in original). The court then turned to "the relationship between 'the defendant, the forum, and the litigation'" to assess whether specific jurisdiction existed over Delta in Oregon. *Id.* (*quoting Walden,* 571 U.S. at 283). The court concluded that:

> There is no specific jurisdiction over defendant in Oregon for plaintiff's claims in this suit. Though it is undisputed that defendant conducts business in Oregon by, among other things, conducting regular flights to and from the Portland International Airport, there is no connection between those Oregon-based activities and plaintiff's claims in this suit because the entire incident at issue in the complaint allegedly occurred at Sea-Tac in Washington state.

*Id.* at *4 (*citing Kurzweil v. Amtrak,* No. 3:19-cv-19388-MAS-DEA, 2020 WL 5760423, at *3 (D.N.J. Sept. 28, 2020) (finding no specific personal jurisdiction over the defendant in New Jersey because the plaintiff was injured in a slip-and-fall incident that occurred in Washington, D.C., despite allegation that the defendant was "in the business of providing services as a common carrier for hire in New Jersey").

While the alleged tortious conduct is different, nearly every other aspect of *JohnPettyBlue* is the same as the case at bar: both Oregon plaintiffs, both airline defendants doing business at PDX, and both plaintiffs sustained injuries outside of Oregon. As the court concluded in *JohnPettyBlue,* it should also be concluded here that there is no personal jurisdiction over American, and American should be dismissed from this action. *See JohnPettyBlue* at *4; *see also Walden,* 571 U.S. at 285 ("the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him") (citation omitted).

## II. VENUE IS IMPROPER IN THE DISTRICT OF OREGON.

Even if Oregon had personal jurisdiction over American, venue in the District of Oregon is improper under 28 U.S.C. § 1391 because, as set forth below, none of the statutory bases for venue

Page 9 of 13 – DEFENDANT AMERICAN AIRLINES,
INC.'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED
COMPLAINT

Rosen & Schneider, LLC.
1300 SW 5th Avenue, Suite 2850
Portland, OR 97201
Phone: (503) 525-2525

support Craven's choice of forum.

### A.  Venue is not proper under § 1391(b)(1).

Venue under § 1391(b)(1) is proper only if all defendants reside in the same state.  *See Astro-Med, Inc. v. Nihon Kohden America, Inc.*, 591 F.3d 1, 11, 29 I.E.R. Cas. (BNA) 1543, 92 U.S.P.Q.2d 1705, 158 Lab. Cas. (CCH) P 60887 (1st Cir 2009) ("As the defendants reside in different states, subsection (1) does not apply").

That requirement is not satisfied here.  Craven alleges that American is incorporated in Delaware with its principal place of business in Texas.  Am. Compl. ¶ 3.  Furthermore, American is not subject to personal jurisdiction in Oregon, as shown above.  Therefore, because none of the defendants reside in Oregon, venue cannot be established there under 28 U.S.C. § 1391(b)(1).

### B.  Venue is not proper under § 1391(b)(2) because no substantial part of the events occurred in Oregon.

The only way for Oregon to be a proper venue under 28 U.S.C. § 1391(b)(2) is if it were the location where "a substantial part of the events or omissions giving rise to the claim occurred." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994).  In contrast, if it were merely the location of incidental or tangential events, it would be insufficient to establish venue under the statute.  *Myers*, 238 F.3d at 1075-76; *Cottman*, 36 F.3d at 294.  Here, Oregon cannot serve as a proper venue because, according to Craven's own allegations, no substantial part of the events giving rise to her claims occurred in Oregon.  *See* Am. Compl. ¶¶ 10-23.

Craven nevertheless asserts that venue is proper because Portland was where her itinerary began and ended.  *Id.* at ¶ 7.  But venue does not turn on a plaintiff's travel itinerary or residence.  Allowing venue on that basis would permit suit in any district connected to a multi-leg flight, regardless of where the alleged misconduct occurred.  That result is inconsistent with 28 U.S.C. § 1391(b)(2) and controlling precedent.  *See LeRoy*, 443 U.S. at 183–84.

### C.  Venue is not proper under § 1391(b)(3).

For purposes of venue, Section 1391(b)(3) applies only if there is no district in which the

action may otherwise be brought. That is not the case here. The Northern District of Texas is an obvious proper venue because (1) American's principal place of business is in Dallas, and (2) Dallas authorities responded to and investigated the alleged incident. Am. Compl. ¶¶ 3, 19-21. Because another proper venue exists, 28 U.S.C. § 1391(b)(3) cannot support venue in Oregon.

### III. ALTERNATIVE MOTION TO TRANSFER THIS MATTER TO TEXAS UNDER 28 U.S.C. § 1404(A).

If the Court nonetheless finds that it has jurisdiction over American, and venue is proper, the Court should nevertheless, in the alternative, exert its discretion to transfer this action to the Northern District of Texas "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a).

The Northern District of Texas has the strongest connection to the operative facts. American's principal place of business is located in Dallas, and Craven alleges the incident was reported to and investigated by Dallas law enforcement after the flight landed in Dallas. Am. Compl. ¶¶ 3, 19-21. As a result, the relevant witnesses and evidence, including law enforcement officers, airline personnel, and investigative records, are located in or near Texas, where they will be most accessible.

As explained above, by contrast, Oregon's connection to this dispute is limited to Craven's residence, the fact that her itinerary began and ended in Portland, and the fact that American generally conducts business in the Portland International Airport. Am. Compl. ¶ 7. Other than Craven herself, no witness or evidence with knowledge of the underlying events is alleged to be located in Oregon. Under these circumstances, transfer would promote convenience and judicial efficiency and avoid imposing unnecessary burdens on third parties.

Accordingly, if the Court declines to dismiss American for lack of jurisdiction and improper venue, it should transfer this action to the Northern District of Texas pursuant to § 1404(a).

### CONCLUSION

For the foregoing reasons, American Airlines, Inc. respectfully requests that the Court

dismiss this action against it for lack of personal jurisdiction and improper venue pursuant to Federal

Rules of Civil Procedure 12(b)(2) and 12(b)(3).  In the alternative, American requests that the Court

transfer this action to the Northern District of Texas pursuant to 28 U.S.C. §§ 1406(a) or 1404(a).

    Dated: March 20, 2026

                ROSEN & SCHNEIDER, LLC

                s/ Tabatha M. Schneider
                Tabatha M. Schneider, OSB No. 221704
                Schneider@RosenandSchneider.com
                Rosen & Schneider, LLC
                1300 SW 5th Avenue, Suite 2850
                Portland, OR 97201
                Telephone: (503) 525-2525

                Attorneys for Defendant American Airlines, Inc.

## CERTIFICATE OF SERVICE

This is to certify that on March 20, 2026, **DEFENDANT AMERICAN AIRLINES, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE** was served on the following attorneys by the following indicated method(s):

| | |
|---|---|
| Matthew Clarke,<br>KRUTCH LINDELL BINGHAM JONES P.S.<br>5 Centerpointe Drive, Suite 400<br>Lake Oswego, OR 97035<br>mkc@kutchlindell.com<br><br>Mark Evans Lindquist,<br>MARK LINDQUIST LAW PLLC<br>100 S. 9th Street<br>Tacoma, WÀ 98402<br>Mark@MarkLindquistLaw.com<br>Counsel for Plaintiff | ☐ Via Messenger<br>☒ Via E-mail<br>☐ Via U.S. Mail |
| Aaron Bigby<br>NORTHCRAFT BIGBY DANIELS PC<br>819 Virginia St., Ste. C-2<br>Seattle, WA 98101<br>Aaron_bigby@northcraft.com<br>Counsel for Skywest Airlines, Inc. d/b/a<br>American Eagle | ☐ Via Messenger<br>☒ Via E-mail<br>☐ Via U.S. Mail |

_/s/ Brionna Hill_
Brionna Hill, Paralegal

Page 1 of 1 – CERTIFICATE OF SERVICE

Rosen & Schneider, LLC
1300 SW 5th Avenue, Suite 2850
Portland, OR 97201
Phone: (503) 525-2525